**John J. VOSS, Jr., Claimant–Appellant,**

v.

**R. James NICHOLSON, Secretary of Veterans Affairs, Respondent– Appellee.**

**No. 05–7200.**

United States Court of Appeals, Federal Circuit.

Jan. 23, 2006.

John J. Voss, Jr., pro se.

Before RADER, SCHALL, and PROST, Circuit Judge.

PER CURIAM.

### *ORDER*

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss for lack of jurisdiction John J. Voss, Jr.'s appeal from the judgment of the Court of Appeals for Veterans Claims. Voss opposes.

Voss filed a document in the Court of Appeals for Veterans Claims that was construed as a petition for relief in the nature of a writ of mandamus in case no. 05–1429. Voss challenged delay in processing his application for benefits. The Court of Appeals for Veterans Claims noted that Voss had received a decision from the regional office and that mandamus was not a substitute for appeal. The Court of Appeals for Veterans Claims informed Voss how to proceed to challenge the Regional Office's determination. Voss appealed the denial of the petition.

The Secretary argues that Voss in his informal brief does not raise an issue that falls within this court's jurisdiction. We agree. Voss argues that he is entitled to benefits and damages. Under 38 U.S.C. § 7292, this court has limited jurisdiction over appeals from decisions of the Court of Appeals for Veterans Claims. *See Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed. Cir.2002) (en banc). This court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2).

Accordingly,

IT IS ORDERED THAT:

(1) The motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) The motion to dismiss is granted.

(3) Each side shall bear its own costs.